COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
JOHN K. GRANT
(Bar No. 169813)
100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415-288-4545
Facsimile: 415-288-4534
jkgrant@csgrr.com

OF COUNSEL:
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
JOHN C. HERMAN
RYAN K. WALSH
E. JOSEPH BENZ III
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, Georgia 30326
Telephone: 404-504-6500
Facsimile: 404-504-6501
jherman@csgrr.com
rwalsh@csgrr.com
jbenz@csgrr.com

Attorneys for Plaintiff

FILED ORIGINAL
08 JUL 21 AM 11:55
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PAGEMELDING, INC.,

    Plaintiff,

vs.

FEEVA TECHNOLOGY, INC., HITWISE USA, INC., KINDSIGHT, INC., MICROSOFT CORPORATION, AND NEBUAD, INC.,

    Defendants.

Civil Action File

No. CV 08 3484 HRL

COMPLAINT FOR PATENT INFRINGEMENT

DEMAND FOR JURY TRIAL

1   Plaintiff PageMelding, Inc. ("PageMelding") hereby makes this Complaint against
2   defendants Feeva Technology, Inc. ("Feeva"), Hitwise USA, Inc. ("Hitwise"), Kindsight, Inc.
3   ("Kindsight"), Microsoft Corporation ("Microsoft") and Nebuad, Inc., ("Nebuad") (collectively
4   "Defendants") and in support hereof respectfully shows the Court as follows:

## PARTIES

1. Plaintiff PageMelding is a California corporation, having its principal place of business at 14520 Mono Way, Suite 200, Sonora, California 95370. PageMelding is a subsidiary of Front Porch, Inc. ("Front Porch"), the worldwide leader in customer messaging and advertising solutions for Internet providers. Front Porch's solutions are deployed in 33 different countries and over 3,000 locations.

2. Upon information and belief, Defendant Feeva is a Delaware corporation, having its principal place of business at 500 Howard Street, Suite 425, San Francisco, California 94105. Feeva may be served with process through its Agent for Service of Process, Jasminder Banga, 500 Howard Street, Suite 425, San Francisco, California 94105.

3. Upon information and belief, Defendant Hitwise is a Delaware corporation, having its principal place of business at 2 Bryant Street, Suite 240, San Francisco, California 94105. Hitwise may be served with process through its Agent for Service of Process, GKL Corporate/Search, Inc., 915 L Street, Suite 1250, Sacramento, California 95814.

4. Upon information and belief, Defendant Kindsight is a Delaware corporation, having its principal place of business at 400 Capitol Mall, Suite 3000, Sacramento, California 95814. Kindsight may be served with process through its Agent for Service of Process, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

5. Upon information and belief, Microsoft Corporation is a Washington corporation, having its principal place of business at One Microsoft Way, Redmond, Washington 98052. Microsoft may be served with process through its Agent for Service of Process, CSC – Lawyers Incorporating Service, 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

6. Upon information and belief, Defendant Nebuad is a Delaware corporation, having its principal place of business at 901 Marshall Street, 2nd Floor, Redwood City, California 94063. Nebuad may be served with process through its Agent for Service of Process, Daniel Miller, 901 Marshall Street, 2nd Floor, Redwood City, California 94063.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §101 *et seq*.

8. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338(a).

9. Feeva is subject to this Court's specific and general personal jurisdiction because it is a resident of the State of California and, pursuant to due process and/or the California Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and this Judicial District.

10. Hitwise is subject to this Court's specific and general personal jurisdiction because it is a resident of the State of California and, pursuant to due process and/or the California Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and this Judicial District.

11. Kindsight is subject to this Court's specific and general personal jurisdiction because it is a resident of the State of California and, pursuant to due process and/or the California Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and this Judicial District.

12. Microsoft is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and this Judicial District.

13. Nebuad is subject to this Court's specific and general personal jurisdiction because it is a resident of the State of California and, pursuant to due process and/or the California Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and this Judicial District.

14. Venue is proper in this Court pursuant to 28 U.S.C. §§1391 and 1400(b). Defendants have done business in this Judicial District, committed acts of infringement in this District, and continue to commit acts of infringement in this Judicial District, all of which entitle PageMelding to relief.

## BACKGROUND OF DISPUTE

15. Internet advertisers place a premium value on the capability to provide specific information to a particular audience. Because advertisers seek a targeted audience, the ability of the Internet advertisers to obtain information about a requestor of information can be extremely valuable.

16. U.S. Patent No. 6,442,577 (the "'577 patent"), entitled "Method and Apparatus for Dynamically Forming Customized Web Pages for Web Sites," was duly and legally issued on August 27, 2002 by the U.S. Patent and Trademark Office to Front Porch. PageMelding, a subsidiary of Front Porch, is the assignee of the '577 patent. A copy of the '577 patent is attached hereto as Exhibit A.

17. Inventors Britton and Maxson, as well as their company, are recognized as pioneers in the field of maximizing value for Internet advertisers. The innovative approach disclosed in the '577 patent alleviates some of the privacy and security concerns associated with prior art systems.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,442,577
### (Feeva)

18. PageMelding restates and realleges the allegations set forth in paragraphs 1 through 17 of this Complaint and incorporates them by reference.

19. PageMelding is the sole owner of the entire right, title, and interest in the '577 Patent, including the right to seek past damages, by virtue of assignment from Front Porch, properly filed with the U.S. Patent and Trademark Office.

20. Defendant Feeva has infringed, continues to infringe, and unless enjoined will continue to infringe one or more claims of the '577 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products and/or services that consist of and/or incorporate the methods and/or apparatus disclosed in the '577 patent for dynamically forming customized web pages, in violation of 35 U.S.C. §271.

21. The acts of infringement of the '577 patent by Feeva has caused damage to PageMelding, and PageMelding is entitled to recover from Feeva the damages sustained by PageMelding as a result of their wrongful acts in an amount subject to proof at trial. The infringement of PageMelding's exclusive rights under the '577 patent by Feeva will continue to damage PageMelding, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

22. Feeva has had actual or constructive knowledge of the '577 patent, yet continues to infringe said patent. The infringement of the '577 patent by Feeva is willful and deliberate, entitling PageMelding to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 6,442,577
### (Hitwise)

23. PageMelding restates and realleges the allegations set forth in paragraphs 1 through 22 of this Complaint and incorporates them by reference.

24. PageMelding is the sole owner of the entire right, title, and interest in the '577 Patent, including the right to seek past damages, by virtue of assignment from Front Porch, properly filed with the U.S. Patent and Trademark Office.

25. Defendant Hitwise has infringed, continues to infringe, and unless enjoined will continue to infringe one or more claims of the '577 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products and/or services that consist of and/or incorporate the methods and/or apparatus disclosed in the '577 patent for dynamically forming customized web pages, in violation of 35 U.S.C. §271.

26. The acts of infringement of the '577 patent by Hitwise has caused damage to PageMelding, and PageMelding is entitled to recover from Hitwise the damages sustained by PageMelding as a result of their wrongful acts in an amount subject to proof at trial. The infringement of PageMelding's exclusive rights under the '577 patent by Hitwise will continue to damage PageMelding, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

27. Hitwise has had actual or constructive knowledge of the '577 patent, yet continues to infringe said patent. The infringement of the '577 patent by Hitwise is willful and deliberate, entitling PageMelding to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 6,442,577**
**(Kindsight)**

28. PageMelding restates and realleges the allegations set forth in paragraphs 1 through 27 of this Complaint and incorporates them by reference.

29. PageMelding is the sole owner of the entire right, title, and interest in the '577 Patent, including the right to seek past damages, by virtue of assignment from Front Porch, properly filed with the U.S. Patent and Trademark Office.

30. Defendant Kindsight has infringed, continues to infringe, and unless enjoined will continue to infringe one or more claims of the '577 patent, directly, contributorily, and/or by

1  inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into
2  this country, and inducing others to use, without license, certain products and/or services that consist
3  of and/or incorporate the methods and/or apparatus disclosed in the '577 patent for dynamically
4  forming customized web pages, in violation of 35 U.S.C. §271.

31. The acts of infringement of the '577 patent by Kindsight has caused damage to PageMelding, and PageMelding is entitled to recover from Kindsight the damages sustained by PageMelding as a result of their wrongful acts in an amount subject to proof at trial. The infringement of PageMelding's exclusive rights under the '577 patent by Kindsight will continue to damage PageMelding, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

32. Kindsight has had actual or constructive knowledge of the '577 patent, yet continues to infringe said patent. The infringement of the '577 patent by Kindsight is willful and deliberate, entitling PageMelding to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

**COUNT IV**
**INFRINGEMENT OF U.S. PATENT NO. 6,442,577**
**(Microsoft)**

33. PageMelding restates and realleges the allegations set forth in paragraphs 1 through 32 of this Complaint and incorporates them by reference.

34. PageMelding is the sole owner of the entire right, title, and interest in the '577 Patent, including the right to seek past damages, by virtue of assignment from Front Porch, properly filed with the U.S. Patent and Trademark Office.

35. Defendant Microsoft has infringed, continues to infringe, and unless enjoined will continue to infringe one or more claims of the '577 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products and/or services that consist of and/or incorporate the methods and/or apparatus disclosed in the '577 patent for dynamically forming customized web pages, in violation of 35 U.S.C. §271.

36. The acts of infringement of the '577 patent by Microsoft has caused damage to PageMelding, and PageMelding is entitled to recover from Microsoft the damages sustained by PageMelding as a result of their wrongful acts in an amount subject to proof at trial. The infringement of PageMelding's exclusive rights under the '577 patent by Microsoft will continue to damage PageMelding, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

37. Microsoft has had actual or constructive knowledge of the '577 patent, yet continues to infringe said patent. The infringement of the '577 patent by Microsoft is willful and deliberate, entitling PageMelding to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. §285.

**COUNT V**
**INFRINGEMENT OF U.S. PATENT NO. 6,442,577**
**(Nebuad)**

38. PageMelding restates and realleges the allegations set forth in paragraphs 1 through 37 of this Complaint and incorporates them by reference.

39. PageMelding is the sole owner of the entire right, title, and interest in the '577 Patent, including the right to seek past damages, by virtue of assignment from Front Porch, properly filed with the U.S. Patent and Trademark Office.

40. Defendant Nebuad has infringed, continues to infringe, and unless enjoined will continue to infringe one or more claims of the '577 patent, directly, contributorily, and/or by inducement, by making, using, selling, and/or offering for sale in this country, and/or importing into this country, and inducing others to use, without license, certain products and/or services that consist of and/or incorporate the methods and/or apparatus disclosed in the '577 patent for dynamically forming customized web pages, in violation of 35 U.S.C. §271.

41. The acts of infringement of the '577 patent by Nebuad has caused damage to PageMelding, and PageMelding is entitled to recover from Nebuad the damages sustained by PageMelding as a result of their wrongful acts in an amount subject to proof at trial. The infringement of PageMelding's exclusive rights under the '577 patent by Nebuad will continue to

1 damage PageMelding, causing irreparable harm, for which there is no adequate remedy at law,
2 unless enjoined by this Court.

3     42.    Nebuad has had actual or constructive knowledge of the '577 patent, yet continues to
4 infringe said patent. The infringement of the '577 patent by Nebuad is willful and deliberate,
5 entitling PageMelding to increased damages under 35 U.S.C. §284 and to attorneys' fees and costs
6 incurred in prosecuting this action under 35 U.S.C. §285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief against Defendants:

A.    A judgment that Defendants, and each one of them, have directly infringed the '577 Patent, contributorily infringed the '577 Patent, and/or induced infringement of the '577 Patent;

B.    An award of all damages recoverable under the laws of the United States and the laws of the State of California in an amount to be proven at trial;

C.    An award of treble damages against Defendants, and each one of them, as a result of their willful infringement;

D.    A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each one of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '577 Patent, as set forth herein;

E.    A judgment and order requiring Defendants, and each one of them, to pay Plaintiff's pre-judgment and post-judgment interest on the full amounts of the damages awarded;

F.    A judgment requiring Defendants, and each one of them, to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. §285, with prejudgment interest; and

G.    Such other and further relief as this Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that all issues so triable be determined by a jury.

Respectfully submitted, this 21st day of July, 2008.

COUGHLIN STOIA GELLER RUDMAN &
ROBBINS LLP

/s/ John K. Grant
JOHN K. GRANT

100 Pine Street, 26th Floor
San Francisco, CA 94111
Telephone: 415-288-4545
Facsimile: 415-288-4534

OF COUNSEL:
John C. Herman
Ryan K. Walsh
E. Joseph Benz III
COUGHLIN STOIA GELLER RUDMAN &
ROBBINS LLP
3424 Peachtree Road, N.E.
Suite 1650
Atlanta, Georgia 30326
Telephone: 404-504-6500
Facsimile: 404-504-6501

Attorneys for Plaintiff
PageMelding, Inc.

I:\JHerman\CPT00052274 PAGEMELDING.doc

COMPLAINT - 9 -